## Sheerer v. Fender

*John L. Kilcoyne*, for plaintiff.
*Achey & Power*, for defendant.

SATTERTHWAITE, J., April 11, 1958.—This is an action of trespass for personal injuries allegedly sustained by plaintiff when the automobile he was operating became involved in an intersectional accident with a vehicle operated by defendant. The case is at issue and plaintiff has answered certain written interrogatories propounded by defendant relative to the identity of plaintiff's proposed witnesses, the time and locus of the accident, plaintiff's occasion for being at the scene and certain other questions relating to specific subjects of injury and damages. Thereafter, pursuant to notice, defendant took oral depositions of plaintiff personally, examining him in detail as to his description of and familiarity with the intersection. As soon as plaintiff was questioned concerning the actual operative facts of the accident, however, he refused to make any further answers whatsoever on the advice of counsel. Defendant then applied to this court for an order under Pa. R. C. P. 4019 (*b*) to compel plaintiff to answer such questions and to pay counsel fees and expenses occasioned by the refusal.

In our opinion plaintiff's refusal to answer these questions was totally unjustified, and an appropriate order should be entered. His position would seem to

have no support whatsoever since the modification of the Discovery Rules of Civil Procedure by the Supreme Court, effective July 1, 1954. Prior to such amendment, Pa R. C. P. 4011(c) did prohibit discovery which would disclose facts which, inter alia, "are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have" : 365 Pa. xliii. But this subsection of rule 4011 was entirely deleted in the 1954 amendments (376 Pa. lxxxix), and rule 4007 was completely rewritten so as to read, in part, as follows :

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding *any matter*, not privileged, which is *relevant* to the subject matter involved in the action and will *substantially aid* in the preparation or trial of the case." (Italics supplied.)

Under this language, and there being no pretense that the limiting provisions of *present* rule 4011 have any effect in the instant case, the sole problem is whether or not the information defendant seeks of plaintiff is (1) *relevant* to the subject matter of the action, and (2) will *substantially aid* him in the preparation or trial thereof. The affirmative answer to both of these questions is self-evident from the mere statement thereof, and, so long as the Supreme Court retains the language of the present rules, there is no need to labor the point or to debate whether or not counsel should be able to obtain an advance "script of the trial" from the opposition or whether it is desirable to have "trial by deposition".

With but one exception, the authorities relied upon by plaintiff were decisions applying the pre-1954 provisions of Pa. R. C. P 4011(c). The only case cited by

him which was decided under the present rules is Kulbacki v. Seybold, 4 D. & C. 2d 330, in an opinion by Judge Sohn for the Dauphin County Court. The complaint in that case set forth in detail how the accident occurred and also specified with particularity the nature of plaintiff's injuries resulting therefrom. Defendant was therefore held not entitled to "a further elucidation of the statement given in the complaint", and a protective order was entered under Pa. R. C. P. 4012, relying upon cases decided prior to 1954, and precluding defendant from inquiring by depositions of plaintiff as to how the accident happened and limiting discovery to the identity of witnesses and the circumstances of plaintiff's prior physical condition.

We believe that this decision, and also Jones v. Cen-Penn Food and Appliance Service, Inc., 2 D. & C. 2d 57, likewise decided by Judge Sohn, and Davis v Blumberg, 3 D. & C. 2d 150, which are additional cases similarly restricting the broad language of the Supreme Court Rules, are too narrow in their interpretation, and we decline to follow them. On the other hand, there are many decisions which do recognize what we deem to be the enlarged scope of discovery authorized by the 1954 Rules, the discussions in which we cannot improve upon and to which we fully subscribe: Zeldin v. Penn Fruit Company, 89 D. & C. 313; Robbins v. Lashner, 1 D. & C. 2d 302; Schiavo v. Caplo, 1 D. & C. 2d 623; Pottstown Lincoln-Mercury, Inc., v. Montgomery County Auto Sales, Inc., 2 D. & C. 2d 396; Troutner v. Philadelphia Transportation Company, 5 D. & C. 2d 545; Eisenberg v. Penn Traffic Company, 6 D. & C. 2d 364; Stebelski v. Philadelphia Transportation Co., 6 D. & C. 2d 627; McLoughlin v. Moore, 10 D. & C. 2d 257; Dorward v. Bowman (No. 2), 34 Northamp. 9. The following language from the opinion of Judge Alessandroni in McLoughlin v. Moore, supra, at pages 259-260, epitomizes our views in general:

"The purpose of discovery is to expedite litigation; its intent is not to provide an intermediate arena for jousting between pleading and trial. In our opinion whether our rules are as liberal as the Federal court rules is of little moment. We are not unmindful of the comment in 5 Anderson Pa. Civ. Prac. 1956, Pocket Part 49, that 'neither party may obtain a script for the trial from the adverse party'.

"However, in spite of the comments on all sides that discovery in Pennsylvania is not unlimited, which must be conceded, full effect must be given the language of the rules, subject only to the limitations expressly prescribed. Thus, rule 4007 provides two broad requirements, 'relevancy' and 'substantial aid'. These broad standards are circumscribed by express limitations. Any question may be asked which does not violate one of the limitations. The courts will be alert to enforce the limitations, particularly those that proscribe unreasonable investigation."

We conclude that defendant has the right to examine plaintiff concerning how the accident occurred, including inquiry into matters which might tend to show contributory negligence on his part, as well as the injuries sustained by him by reason thereof. In the exercise of our discretion under Pa. R. C. P. 4019 (*b*), however, inasmuch as this court has not previously spoken on the subject by formal opinion since the adoption of the 1954 rules, we will not impose any penalty upon plaintiff by assessing expenses and attorneys' fees against him even though he in fact was not justified in his refusal. Nevertheless, we do take this occasion to call attention to the possibility of such sanctions so that counsel may govern themselves accordingly in advising clients not to testify under similar circumstances in the future. Pretrial "jousting" in this fashion will not be tolerated.

*Order*

And now, April 11, 1958, David M. Sheerer, plaintiff, is directed, pursuant to Pa. R. C. P. 4019(*b*), to answer on oral examination, at a time and place mutually agreeable to counsel, any questions propounded by counsel for defendant which are relevant to the subject matter involved in the action and which will substantially aid in the preparation for trial of the case, particularly questions pertaining to the manner in which the accident occurred and the injuries sustained by plaintiff, and questions relating or tending to establish contributory negligence on the part of plaintiff, under penalty of contempt. Defendant's request for expenses and attorney's fees is refused.